# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-952V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
ELIZABETH NICOLE ROBINSON,                       *
                                                 *   UNPUBLISHED
                                                 *
                 Petitioner,                     *
                                                 *
v.                                               *   Special Master Katherine E. Oler
                                                 *
SECRETARY OF HEALTH AND                          *   Filed:  January 17, 2020
HUMAN SERVICES,                                  *
                                                 *   Interim Attorneys' Fees and Costs
                 Respondent.                     *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
*Darryl R. Wishard*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 6, 2014, Elizabeth Nicole Robinson ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered from relapsing-remitting multiple sclerosis, neurogenic bladder, and parathesias as a result of the influenza ("flu") vaccination she received on October 18, 2011. Pet. at 1, ECF No. 1.

On July 16, 2019, Petitioner filed her application for interim attorneys' fees and costs, requesting a total of $100,112.71. Fees App. at 2, ECF No. 79.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent filed a response to Petitioner's application on July 17, 2019. Fees Resp., ECF No. 80. Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires [R]espondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds that he "defers to [me] to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award…." *Id.* at 2. Respondent did not raise any specific issue with respect to reasonable basis or good faith. *See generally* Fees Resp. In fact, Respondent "is satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met." *Id.*

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$94,813.97** in interim attorneys' fees and costs.

## I.      Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a

2

petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith and Reasonable Basis

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as a petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

It is incumbent upon petitioners to "affirmatively demonstrate a reasonable basis," which is an objective inquiry. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011); *Di Roma*, 1993 WL 496981, at *1. When determining if a reasonable basis exists, many special masters and judges employ a totality of the circumstances test. The factors to be considered under this test may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). This "totality of the circumstances" approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

A petitioner's counsel is expected to make a pre-filing inquiry into a claim to ensure that it has a reasonable basis. *See Turner*, 2007 WL 4410030, at *6-7. Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Id*. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015). The evidence presented must be "sufficient to give the petitioner a reasonable expectation of establishing causation." *Bekiaris v. Sec'y of Health & Human Servs.*, No. 14-750V, 2018 WL 4908000, at *6 (Fed. Cl. Spec. Mstr. Sep. 25, 2018). Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Id*.

The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis because the petitioner could not meet the burden of proof needed to establish reasonable basis." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014). In rationalizing its decision, the *Chuisano* court highlighted the ruling in *Austin* as an example of a petition that minimally crossed the required evidentiary threshold. *Id*. at 292, citing *Austin v. Sec'y of Health and Human Servs.,* No. 10-362V,

2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013). In that case, the special master found reasonable basis where only a single notation by a medical provider linked the alleged injury to the vaccination. *Austin*, 2013 WL 659574, at *8. Still, the Court in *Chuisano* emphasized the totality-of-the-circumstances test, and stated that "[a]n evidentiary standard may serve as an excellent guidepost in fee decisions, but it cannot serve as the bright-line threshold. Such a rigid position is at variance with the flexible structure of the [V]accine [P]rogram." *Chuisano,* 116 Fed. Cl. at 287. While the statute does not define the standard for reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Id*.

## II. Discussion

### A. Undue Financial Hardship

The parties are currently briefing their respective positions following an entitlement hearing I held on May 21-22, 2019. Petitioner and her counsel have been litigating this claim for more than five years. Thus, I find it reasonable to award interim costs at this juncture to avoid any undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and in fact affirms that Petitioner has met the statutory and other legal requirements for an award of attorneys' fees and costs. *See* Fees Resp. at 2. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered. Petitioner has filed extensive medical records in this case. Petitioner has also submitted three expert reports in which neuroimmunologist Dr. Lawrence Steinman offers a medical opinion supporting Petitioner's theory and a potential mechanism for causation. Ex. 13, ECF No. 25; Ex. 43, ECF No. 86; Ex. 47, ECF No. 88. Additionally, Dr. Steinman filed medical literature in support of his reports. Dr. Steinman also testified at the entitlement hearing. As such, I find that the petition has reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioner requests a total of $62,808.14 in attorneys' fees. Fees App. Ex. A. at 19.

#### i. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Mr. Mark Sadaka, requests that he be compensated between $337.05 and $406.00 per hour for work performed from 2013 to 2019. Fees App. at 3. These rates are consistent with *McCulloch* and with what Mr. Sadaka has previously been awarded in the Program. *See, e.g.*, *Nelson v. Sec'y of Health & Human Servs.,* 15-615V (Fed. Cl. Spec. Mstr. Jan. 22, 2018); *Pasquinelli v. Sec'y of Health & Human Servs.*, No. 14-1156V, 2017 WL 6816707 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); *Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Ladue v. Sec'y of Health & Human Servs.,* No. 12-553V, 2018 WL 6978075 (Fed. Cl. Spec. Mstr. Dec. 14, 2018). Petitioner also requests rates between $130.01 and $156.00 per hour for paralegals who performed work in this case between 2013 and 2019. These rates are consistent with such work previously awarded in the Program.

Accordingly, I find the requested rates reasonable and no adjustment is warranted.

### ii. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and I find the hours to be reasonable. Fees App., Ex. A. As such, I award the requested fees in full.

Total attorneys' fees to be awarded: **$62,808.14.**

### D. Reasonable Costs

Petitioner requests a total of $37,304.57 in costs, which includes expert witness fees, Petitioner's costs for hearing attendance, hearing-related travel, obtaining medical records, postage costs, the Court's filing fee. Fees App., Ex. A at 21; Fees App., Ex. C. at 1.

#### i. Petitioner's expert costs

Petitioner requests $32,383.89 for expenses related to the work of expert Dr. Lawrence Steinman. Fees. App., Ex. A. at 20-21.

Dr. Steinman billed for 53.25 hours of work, at a rate of $500 per hour, for a total of $26,625. Fees App., Ex. B at 7. Dr. Steinman has previously been awarded his requested rate and I see no reason to disturb such a request. In examining his invoice entries, I find the amount of time Dr. Steinman expended in reviewing his own expert reports, Petitioner's reports and associated medical literature in preparation for the hearing to be reasonable. Accordingly, I award him $26,625 ($24,625 + $2,000 retainer fee already paid to him).

Dr. Steinman also requests $1,803 for hearing-related travel expenses. In examining his travel invoices, it appears that Dr. Steinman traveled business class to and from the entitlement hearing. Fees App., Ex. B. at 9. Business class travel is not compensable in the Program. Accordingly, I reduce his requested travel reimbursement by half and award him $901.50.[4]

Petitioner's list of "Additional Charges" include two additional expert-related expenses, in the amounts of $2,500 and $1,455.89 (Fees App., Ex. A. at 20). These amounts do not appear to have been billed by Dr. Steinman in his invoice (Fees App., Ex. B. at 7),[5] and Petitioner provides no other explanation for these expenses. Accordingly, I reduce Petitioner's claimed expert expenses by $3,955.89.

#### ii. Petitioner's hearing-related expenses

---

[4] I note that, based on a United.com search of similar flights to Dr. Steinman's multi-city itinerary, a coach class ticket costs $500.

[5] To calculate expert costs, I have relied solely on Dr. Steinman's invoice.

Petitioner requests $2,603.90 in hearing-related expenses. Fees App. at 2. In reviewing Petitioner's supporting documentation, it appears that Petitioner arrived in Washington, D.C. two days prior to the hearing. Fees App., Ex. C at 5. Petitioner seeks reimbursement in the amount of $337.51 for accommodation at the Hyatt Regency Crystal City on May 19, 2019. *Id.* at 17. Petitioner seeks reimbursement in the amount of $76.22 for a car rental on May 20, 2019. It appears that Petitioner traveled 105 miles with the rental vehicle. *Id.* at 8. Petitioner also seeks reimbursement of taxi rides in the total amount of $27.62 that appear to have been taken on May 19, 2019. These travel costs in advance of the hearing date do not appear relevant to the entitlement hearing or to Petitioner's preparation for it. Nothing in Petitioner's request clarifies these expenses. I note that Petitioner's counsel did not arrive into Washington D.C. until May 20, 2019 at approximately 5:00 PM. Accordingly, I reduce Petitioner's hearing-related expense request by $441.35 and award $2,162.55.

*iii. Petitioner's miscellaneous costs*

Petitioner requests $2,316.78 in filing fees, medical records and postage costs. I have reviewed the supporting documentation and find this request to be reasonable. Accordingly, I award it in full.

Total costs to be awarded: **$32,005.83.**

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$92,651.42**, representing reimbursement of Petitioner's interim attorneys' fees and costs (including expert witness costs), in the form of a check jointly payable to Petitioner and her attorney, Mark T. Sadaka; and,

A lump sum in the amount of **$2,162.55**, representing reimbursement of Petitioner's hearing-related expenses, in the form of a check payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

Any questions regarding this Order may be directed to my law clerk, Neil Bhargava, by email at neil_bhargava@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.