# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-952V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ELIZABETH NICOLE ROBINSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | Special Master Jennifer A. Shah |
| v. | * | |
| | * | Filed: December 20, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Mark Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
*Alexis B. Babcock,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 6, 2014, Elizabeth Nicole Robinson ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged she suffered from relapsing-remitting multiple sclerosis ("MS"), neurogenic bladder, and paresthesias as a result of an influenza ("flu") vaccination she received on October 18, 2011. *Id*. at 1. On April 12, 2021, former Special Master Katherine E. Oler issued a ruling on entitlement finding that Petitioner was entitled to compensation. ECF No. 105. On November 8, 2023, a decision awarding damages was issued.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

ECF No. 152.

On March 29, 2024, Petitioner filed an application for final attorneys' fees and costs. Final Fees App. (ECF No. 156). Petitioner requests a total of $75,343.43 for attorneys' fees and costs, comprised of $54,031.10 for attorneys' fees and $21,312.33 for attorneys' costs. Final Fees App. at 1-2, 45-46. Respondent responded to the motion on March 29, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Final Fees Resp. at 2-3 (ECF No. 157). Petitioner filed her reply on March 29, 2024, contending that the requested fees and costs should be awarded in full. Final Fees Reply at 1 (ECF No. 158).

This matter is now ripe for consideration.

**I.     Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows a special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a ruling on entitlement, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

**A.     Reasonable Hourly Rates**

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.* The framework for determining the appropriate compensation for attorneys' fees based upon the attorney's experience is set forth in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years based on that case.[3]

---

[3] The 2019-2024 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-

Petitioner requests the following rates of compensation for her attorney, Mr. Mark Sadaka: $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, and $563.00 per hour for work performed in 2024. Final Fees App. at 8-44. These rates are consistent with what Mr. Sadaka has previously been awarded for his Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Orm v. Sec'y of Health & Hum. Servs.*, No. 14-257V, 2024 WL 1856679, at *3 (Fed. Cl. Spec. Mstr. Apr. 2, 2024); *Bancroft v. Sec'y of Health & Hum. Servs.*, No. 20-622, 2023 WL 3750379, at *2 (Fed. Cl. Spec. Mstr. May 31, 2023); *Brown on behalf of B.F. v. Sec'y of Health & Hum. Servs.*, No. 20-375V, 2021 WL 5070155, at *4 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). I shall also award the requested paralegal time at the provided rates.[4]

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $54,031.10.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $21,312.33 in attorneys' costs: $3,785.00 for expert costs, $16,855.89 for the services of a life care planner, and $671.44 for postage and medical record retrieval. Petitioner provided documentation supporting these costs.

#### 1. Petitioner's Costs for Lawrence Steinman, M.D.

Petitioner requests $3,785.00 for work performed by Dr. Steinman. Final Fees App. at 51-

---

hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated based on the decision in *McCulloch*, 2015 WL 5634323.

[4] The rates for the paralegal who worked on this matter are consistent with those that have been previously awarded and are in accordance with the Office of Special Masters' fee schedule. Ms. Michele Curry billed $156.00 in 2019, $163.00 in 2020, $172.00 in 2021, $177.00 in 2022, $186.00 in 2013, and $197.00 in 2014.

53. He requests an hourly rate of $500.00 for work Dr. Steinman performed in 2015 and $550.00 and for work he performed in 2019, which included reviewing medical records, writing three expert reports, and testifying at the entitlement hearing in this case. Exs. 13, 43, 47. This appears reasonable. Dr. Steinman's hourly rate of $550.00 has been approved by other special masters, and I see no reason to conclude otherwise. *See, e.g., Payne v. Sec'y of Health & Hum. Servs.*, No. 20-0463V, 2023 WL 4854736, at *3 (Fed. Cl. Spec. Mstr. June 28, 2023); *Morrison v. Sec'y of Health & Hum. Servs.*, No. 18- 386V, 2023 WL 1873254, at *7 (Fed. Cl. Spec. Mstr. Feb. 10, 2023); *Anderson v. Sec'y of Health & Hum. Servs.*, No. 14-879V, 2020 WL 3495950, at *2 (Fed. Cl. Spec. Mstr. May 22, 2020).

2. Petitioner's Costs for Life Care Planner

Petitioner requests $16,855.89 for work performed by a life care planner from Mila Carlson & Associates, P.C., in 2016, 2017, 2021, and 2023. Final Fees App. at 45-46. These costs are typical in Vaccine Program litigation and are reasonable. *See Good v. Sec'y of Health & Hum. Servs.*, No. 17-124V, 2023 WL 2534664, at *5 (Fed. Cl. Spec. Mstr. Mar. 16, 2023). Petitioner has provided adequate documentation supporting the request. Final Fees App. at 47-48, 58, 67. Accordingly, they will be reimbursed in full.

3. Miscellaneous costs

Petitioner requests $671.44 in miscellaneous costs for postage and medical record retrieval. Final Fees App. at 45. Petitioner has provided adequate documentation of these costs, and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and will fully reimburse them.

I award Petitioner a total of **$21,312.33** in attorneys' costs.

II. **Conclusion**

Accordingly, I **GRANT** Petitioner's application and award the following:

> A lump sum in the amount of **$75,343.43**, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, Mr. Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]
**IT IS SO ORDERED.**

/s/ **Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.